IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL CURTIS REYNOLDS,** ) | |
| No. 10671-023, ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-1223-SMY |
| ) | |
| **T.G. WERLICH,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Michael Curtis Reynolds is incarcerated at the FCI-Greenville, Illinois. He filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Citing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *United States v. Davis*, 139 S. Ct. 2319 (2019), among other decisions, Reynolds argues that his "entire case is under 18 U.S.C. § 16(b)," which has been held "[u]nconstitutional and void for vagueness," and thus, he is illegally detained and must be immediately released.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition and Reynolds' subsequent filings, the Court concludes that this action is subject to dismissal.

**Background**

Reynolds was convicted in July 2007 in the Middle District of Pennsylvania and sentenced to a total of 360 months on five counts: attempting to provide material support to a foreign terrorist organization (18 U.S.C. § 2339B); attempting to provide material support to damage an interstate gas pipeline facility by means of force or explosive (18 U.S.C. § 2339A(a) & § 2); soliciting others to damage an interstate pipeline facility by means of force or explosive (18 U.S.C. § 373); distributing information through the internet on the manufacture and use of an explosive device (18 U.S.C. § 842(p)(2)); and possession of a grenade (18 U.S.C. §§ 5841, 5861(d), & 5871).[1] (Doc. 297, *United States v. Reynolds*, Case No. 05-cr-493 (M.D. Pa.), "criminal case"). The United States Court of Appeals, Third Circuit, affirmed Reynolds' convictions on direct appeal on March 18, 2010. *United States v. Reynolds*, 374 F. App'x 356 (3d Cir. 2010). His initial motion under 28 U.S.C. § 2255 was dismissed on August 15, 2012. (Doc. 479 in criminal case); *Reynolds v. United States*, 2012 WL 12981962 (M.D. Pa. Aug. 15, 2012). Reynolds subsequently filed several more collateral attacks in the sentencing court which were dismissed as unauthorized successive motions brought under § 2255. (*See* Doc. 492 in criminal case, Nov. 28, 2012); *Reynolds v. United States*, Case No. 16-cv-1843 (M.D. Pa.) (Docs. 522, 537 in criminal case, Dec. 9, 2016); *Reynolds v. United States*, Case No. 17-cv-750 (M.D. Pa.)  (Docs. 557, 562 in criminal case, Dec. 21, 2017).

In 2018, Reynolds filed two actions in the sentencing court, both invoking *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) and urging the court to set aside its

---

[1] Reynolds was acquitted of one additional Count (Count 5), for possessing an unregistered destructive device. *United States v. Reynolds*, 374 F. App'x 356, 359 (3d Cir. 2010).

judgment as having been obtained by fraudulent means.[2] The court construed the first (*Reynolds v. United States*, Case No. 18-cv-691)[3] as a habeas petition pursuant to § 2241 and dismissed it because Reynolds' claim of "actual innocence" did not arise from a change in law subsequent to his conviction and could not be brought under the "safety-valve" clause of 28 U.S.C. § 2255(e). (Doc. 5 in Case No. 18-cv-691, M.D. Pa., April 4, 2018). The court analyzed Reynolds' second *Hazel-Atlas* petition (*Reynolds v. United States*, Case No. 18-cv-1093) as a civil rights claim, and in the alternative, a habeas action under § 2241 or § 2255. (Doc. 9 in Case No. 18-cv-1093 (M.D. Pa., June 14, 2018). Again, Reynolds failed to show that his § 2241 claim could be brought within the 28 U.S.C. § 2255(e) "safety-valve," and it could not be considered under § 2255 because the court of appeals had not authorized a successive § 2255 motion.

In October 2018, Reynolds was permitted to bring a successive § 2255 motion in *Reynolds v. United States*, Case No. 18-cv-1977 (M.D. Pa., Docs. 565, 566 in criminal case). He raised the same argument in that action that he raises herein – in light of *Dimaya* and other Supreme Court cases, his conviction under 18 U.S.C. §842(p)(2) is invalid because the statute incorporates 18 U.S.C. § 16(b) which was declared unconstitutionally vague. (Doc. 565, criminal case). The motion was denied on Sept. 26, 2019 (Doc. 662 in criminal case).[4]

This is not Reynolds' first attempt to collaterally attack his conviction in this Court. He

---

[2] Reynolds had also sought relief in the sentencing court in 2010 under *Hazel-Atlas*, prior to bringing his initial § 2255 motion. *See Reynolds v. United States*, Case No. 05-cr-493, 2012 WL 12981962 at *2 (M.D. Pa. Aug. 15, 2012) (denying § 2255 motion).

[3] Reynolds' claims included: (1) It was physically impossible for him to have committed an e-mail crime within the confines of this district; (2) a prosecution witness was coerced; (3) false statements and testimony by an FBI agent was used to obtain his conviction; and (4) illegally seized evidence was used against him. (Case No. 18-cv-691, Doc. 5, p. 3).

[4] The court's order dismissing Reynolds' authorized successive § 2255 motion (Doc. 566) further dismissed 49 additional motions Reynolds filed while a ruling on Doc. 566 was pending, construing them as unauthorized successive § 2255 motions. (Doc. 662 in criminal case). Reynolds continued to file additional motions in his criminal case seeking release, which were dismissed. (Docs. 666, 678, 682, 684, 688, 690 in criminal case).

previously filed a § 2241 challenge in *Reynolds v. Werlich*, Case No. 18-cv-1031-DRH (S.D. Ill., dismissed June 21, 2018, Doc. 20).[5]  In that case, he argued that his convictions were void because, pursuant to *Mathis v. United States*, 136 S. Ct. 2243, 2250 (2016), his sentence had been improperly enhanced, the jury was not correctly instructed, and his charges under 18 U.S.C. § 842(p)(2)(A) and § 922(g)(1)[6] were unconstitutional.

## The Petition

Reynolds' § 2241 Petition was filed on November 8, 2019.  (Doc. 1).  He has since filed several supplemental briefs (Docs. 8, 11, 13, 15, 17) and numerous motions.  (Docs. 5, 6, 7, 9, 10, 12, 14, 16, 18, 19, 20).  The crux of his argument is that all the charges against him became unconstitutional and void *ab initio* when the Supreme Court held 18 U.S.C. § 16(b) to be unconstitutional in *Dimaya*.  He also claims that some of his convictions fall under 18 U.S.C. § 924(c)(3)(B), which the Supreme Court found unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319 (2019).  (Doc. 1, pp. 4, 10-11).

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence.  *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him.  *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).  Additionally, he may not file a "second or successive" § 2255 motion unless a panel

---

[5] Reynolds appealed from this Court's dismissal of No. 18-cv-1031-DRH and the appeal is still pending before the Seventh Circuit under No. 18-2498.  (Doc. 28 in Case No. 18-cv-1031-DRH (S.D. Ill.)).
[6] According to the judgment in Reynolds' criminal case, he was not convicted of any charge under 18 U.S.C. § 922(g)(1).  (Doc. 1, p. 3; Doc. 297 in criminal case).

4

of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241. Section 2255(e) contains a "savings clause" (also referred to as the "safety-valve" clause, *see Reynolds v. United States*, Case No. 18-cv-691 (M.D. Pa., Doc. 5, April 4, 2018)) which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that Reynolds may be barred from bringing a successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction, because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

Following *Davenport* and its progeny, the Seventh Circuit has developed a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause:

5

- The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);

- The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and

- A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

## Discussion

Reynolds' Petition fails to satisfy the first *Davenport* condition. He relies on *Dimaya* and the 2019 *Davis* opinion; neither of which is a decision of statutory interpretation. Both are constitutional cases which could be raised in a successive § 2255 motion (in fact, Reynolds was permitted to raise a *Dimaya* claim in a successive § 2255.)[7] Applying the analysis from *United States v. Johnson*, 135 S. Ct. 2551 (2015), another recent constitutional case, The Supreme Court in *Dimaya* held that the residual clause in 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was unconstitutionally vague and violated due process. *See also Welch v. United States*, 136 S. Ct. 1257 (2016) (*Johnson*, which held the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague, announced a new substantive rule of constitutional law that applies retroactively). In *Davis*, the Supreme Court similarly concluded that the residual clause in 18 U.S.C. § 924(c)(3)(B) was

---

[7] *Reynolds v. United States*, Case No. 18-cv-1977 (M.D. Pa., Docs. 565, 566 in criminal case). The Court makes no comment on the potential merits of Reynolds' claims if he were to bring them in the context of a successive § 2255 motion, or on the applicability of the *Dimaya* or *Davis* rulings to the statutes under which Reynolds was convicted.

6

unconstitutionally vague. *Davis*, 139 S. Ct. 2319, 2324 (2019). Section 924(c)(3)(B) increased the prison sentence for a person who uses a firearm in connection with a federal "crime of violence" … "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[8] Like *Dimaya* and *Johnson*, *Davis* is a case of constitutional interpretation. As such, Reynolds' claims based on *Dimaya* and *Davis* are not grounded on cases of statutory interpretation and cannot be pursued in a § 2241 case under the "savings clause."

Reynolds would be unable to raise his *Dimaya* or *Davis* claims in a successive § 2255 motion unless the Third Circuit granted him permission to do so. 28 U.S.C. § 2255(h)(2). But this restriction does not render the § 2255 procedure "inadequate or ineffective." Nor does it represent a structural problem with § 2255 that would open the door to allow his claim under the savings clause. *Davenport*, 147 F.3d at 609-10. Additionally, he would have to meet the one-year time limit for filing a § 2255 motion triggered by a new Supreme Court constitutional decision. 28 U.S.C. § 2255(f)(3). But again, that restriction does not mean that § 2255 is unavailable to bring a claim based on a newly-issued retroactive constitutional case; it merely sets a time frame for doing so.

Because Reynolds cannot meet the first *Davenport* requirement, his § 2241 Petition will be dismissed. As such, the Court finds it unnecessary to address Reynolds' attempts to revive arguments he has previously raised including, his contention that the Government admitted his actual innocence, presented insufficient evidence to support his conviction, conducted an illegal search, and fabricated evidence against him. (Doc. 1, pp. 9-12, 14); (See Doc. 20, pp. 5-7, in Case No. 18-cv-1031-DRH (S.D. Ill.)); *Reynolds v. United States*, 2012 WL 12981962, at *5-11

---

[8] The "elements clause" in 18 U.S.C. § 924(c)(3)(A), which states that a "crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" was unaffected by the *Davis* decision.

(M.D. Pa. Aug. 15, 2012) (denying § 2255 motion and noting that Reynolds had previously raised issues of perjury, admission of innocence, improper search warrant, and fabrication of evidence that the sentencing court and Third Circuit rejected). These redundant arguments could have been, and in fact were presented in Reynolds' original § 2255 motion. Thus, they cannot be addressed under § 2241.

Finally, Reynolds appears to also claim that § 2K1.4 of the United States Sentencing Guidelines was erroneously applied to him. (Doc. 1, pp. 5-6). However, a claim that a defendant's advisory guideline sentencing range was incorrectly calculated is not cognizable in a collateral attack. *See Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013). The Guidelines were advisory at the time Reynolds was sentenced in 2007 and he is not entitled to relief on that issue. *See United States v. Booker*, 543 U.S. 220 (2005).[9]

## Disposition

For the foregoing reasons, the Petition is summarily **DISMISSED** with prejudice. All pending motions are **DENIED AS MOOT**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

---

[9] Reynolds' many motions and supplements reiterate the relief sought in his Petition and do not add any legal authority to alter the Court's conclusion that he fails to meet the savings clause requirements. The only exception is the Motion for Judgment on the Pleadings (Doc. 20), seeking relief pursuant to the First Step Act, which is not at issue in this case. Reynolds labeled it with Case Number 20-1224, which does not correspond to any of his cases in this Court. Reynolds previously brought another case seeking First Step Act relief in the form of a move to another prison (*Reynolds v. USA*, Case No. 19-cv-436-SMY) which was consolidated with several other duplicative cases and dismissed on January 29, 2020. (Doc. 7 in Case No. 19-cv-436-SMY). One of his Motions for Release mentions *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) as a basis for relief if his claims under *Dimaya* and *Davis* fail. (Doc. 6, p. 1). However, he does not articulate any argument to explain why *Rehaif* would apply to his case, and the Court can discern no relevance to his convictions. *Rehaif* is a case of statutory interpretation, which held that in prosecuting a charge of felon in possession of a firearm (18 U.S.C. § 922(g) and § 924(a)(2)), the government must prove both that the defendant knew he possessed a firearm and that he knew he was in a category of persons barred from possessing a firearm. Reynolds was not convicted of an offense under these statutes, and *Rehaif* cannot provide him with habeas relief.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  June 18, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**