IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL CURTIS REYNOLDS,** ) | |
| No. 10671-023, ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-1223-SMY |
| ) | |
| **T.G. WERLICH,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now before the Court is Petitioner Michael Curtis Reynolds' "Motion under Rule 60(b)(4) to Reconsider" (Doc. 31), filed July 2, 2020. Reynolds, who is incarcerated at the FCI-Greenville, Illinois, filed this action pursuant to 28 U.S.C. § 2241. In his motion, he claims that this Court has made "Constitutional error" as well as legal error. (Doc. 31, pp. 1-2). He takes issue with the June 18, 2020 dismissal of his Habeas Petition (Doc. 21) and claims that under Federal Rule of Civil Procedure 60(b)(4), the Court must vacate his judgment of conviction as void under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, 139 S. Ct. 2319 (2019).[1]

On June 30, 2020, Reynolds timely appealed this Court's dismissal of the case (Doc. 27) and the appeal is pending before the Seventh Circuit, docketed under Appeal No. 20-2148. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

---

[1] Reynolds also asserts that he should be released because he is medically vulnerable to infection with COVID-19 and the doctor at Greenville is not licensed (Doc. 31, pp. 2-8). This claim was not asserted in this case and therefore, is not properly raised in the Motion. (See Docs. 24, 26).

1

involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, pursuant to Federal Rule of Civil Procedure 62.1(a), the district court has limited authority to consider a new motion filed during the pendency of an appeal and may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FED. R. CIV. P. 62.1(a).

Rule 60(b)(4), invoked by Reynolds, permits a court to relieve a party from a void judgment. But this Court previously considered and rejected Reynolds' arguments that his judgment became void under *Dimaya* and *Davis* when it dismissed this action upon preliminary review. (Doc. 21). Reynolds' present motion presents no grounds for the Court to reach a different conclusion. Moreover, a Rule 60(b) motion is not the proper vehicle to raise errors of law; instead, those arguments must be made on appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Applying Rule 62.1(a), there is no reason to defer consideration of the Motion to Reconsider. The motion does not raise any substantial issue, and the Court would not grant it if the case were remanded. Accordingly, Reynolds' Motion under Rule 60(b)(4) to Reconsider

(Doc. 31) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  July 6, 2020**

    *s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**